IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EZEKIEL GREGORY ANDREWS a/k/a EZEKIEL ANDREWS,

Plaintiff,

VS.

SCHNEIDER LOGISTICS, INC., a wholly owned subsidiary of SCHNEIDER NATIONAL, INC., et al.,

Defendants.

Civil Action No. 3:13-CV-2160-D

MEMORANDUM OPINION
AND ORDER

Plaintiff Ezekiel Gregory Andrews ("Andrews") brought this suit against his former employer, defendant Schneider National Carriers, Inc. ("Schneider"),[1] alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and/or Texas law for race discrimination, sex discrimination, hostile work environment, retaliation, defamation, wrongful termination, and mental abuse in the workplace. Schneider moved for summary judgment, and Andrews' lawyer filed an opposition response and brief. On November 18, 2014 the court filed a memorandum opinion and order granting Schneider's motion, raising *sua sponte* that Schneider is entitled to summary judgment on four grounds of Andrews' defamation claim that Schneider did not raise, and granting Andrews 21 days from the date

[1]Schneider asserts that Andrews' complaint incorrectly identifies it as "Schneider Logistics, Inc., a wholly owned subsidiary of Schneider National, Inc. and Schneider National, Inc."

of the memorandum opinion and order to respond as to the basis for summary judgment that the court had raised *sua sponte*. *Andrews v. Schneider Logistics, Inc.*, 2014 WL 6460010, at *13 (N.D. Tex. Nov. 18, 2014) (Fitzwater, J.). Andrews' response was therefore due on December 9, 2014.

On December 9, 2014 Andrews filed a *pro se* two-page letter in which he complains about his attorney's handling of his opposition to Schneider's summary judgment motion and other aspects of his case.[2] He indicates that he will be pursuing relief with the State Bar of Texas and inquires whether it is possible to strike the summary judgment response and brief that his lawyer filed[3] and obtain a continuance while he seeks other representation or represents himself. Andrews asks whether he can appeal based on attorney malpractice. He lists seven items of evidence that he contends are pertinent, complains about a lack of discovery conducted by his attorney, and concludes by asserting that he has proof that was not presented in the record, that his attorney told him it was not necessary to present evidence in response to the motion, that he is hoping for assistance from the State Bar, and that he is "mainly ask[ing] [for] guidance at this point if [he] can't get a continuance and a reconsideration [of the court's November 18, 2014 memorandum opinion and order]." Ltr.

---

[2]Andrews referred in the letter as being received by the court "[b]efore the close of business on Monday, December 8th." Ltr. at 1. The date of the letter is immaterial because it is substantively inadequate for the reasons explained.

[3]Probably because in his letter he asks if "there is anyway possible to strike his [lawyer's] response to the summary judg[]ment," *id.*, the clerk of court has docketed the letter as a motion to strike the August 13, 2014 response and brief that Andrew's attorney filed in opposition to Schneider's summary judgment motion.

at 2.

The court declines to consider Andrews' *pro se* letter as the response to its November 18, 2014 memorandum opinion and order. Andrews' counsel has neither sought nor obtained leave to withdraw, so Andrews is currently represented by retained counsel. 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Nevertheless, "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

> [T]he rights of self-representation and representation by counsel cannot be both exercised at the same time. Although a trial judge may in his discretion permit a party to enjoy both halves of the statutory right, Section 1654 does not itself confer any right to hybrid representation. Thus, a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained.

*O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (internal quotation marks and citations omitted). Although Andrews certainly complains about his attorney and suggests that he will be seeking other representation or to represent himself, he has not yet clearly and unequivocally discharged his lawyer. And the court declines in its discretion to permit Andrews simultaneously to be represented by counsel and to act *pro se*.

Even if the court construes Andrews' letter as an indication that he has clearly and unequivocally discharged his lawyer, he is not entitled to relief.

First, his letter is unsworn. "Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). This means that the assertions he makes in his letter about evidence available to defeat Schneider's summary judgment motion or to defeat summary judgment on the four grounds of his defamation claim that the court has raised *sua sponte* is inadmissible and cannot be relied on.

Second, if he is requesting a continuance to respond to the court's November 18, 2014 memorandum opinion and order, he has not complied with Fed. R. Civ. P. 56(d).

Third, if he is asking that the court reconsider its November 18, 2014 memorandum opinion and order, the court declines to do so.

Fourth, if he is asking that the court strike his attorney's response and brief and permit him to file his own response and brief, *see supra* note 3, the court declines this request as well. If the response and brief are stricken, Andrews will have no response on file at all, including no competent summary judgment evidence of any type. It will then be necessary to grant an extension of time for Andrews to file his own response to a motion that the court has already decided after considering his lawyer's response. And as the court has indicated above, it declines to grant such an extension.

Ultimately, if Andrews is aggrieved by his lawyer's conduct, his remedy is a malpractice suit.[4] *See, e.g., Leon Chocron Publicidad y Editora, S.A. v. Jimmy Swaggart*

[4]The court does not suggest that a malpractice suit against Andrews' attorney would have merit. Lawyers take the facts of a case as they find them, and their clients' claims are

*Ministries*, 990 F.2d 1253, at *3-4 (5th Cir. 1993) (per curiam) (unpublished table decision) (affirming denial of Rule 59 motion seeking relief based on "constructive abandonment" by attorney, and holding that, if attorney mishandled case, remedy against attorney was in form of malpractice suit); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 289 (5th Cir. 1985) (holding that proper recourse for client prejudiced by attorney's inadvertence or negligence is malpractice action against the attorney).

Andrews has responded to the court's November 18, 2014 memorandum opinion and order through a *pro se* letter and at a time when his retained counsel has not sought or obtained leave to withdraw. And the letter, even if considered, does not contain admissible evidence that demonstrates why summary judgment should not be granted on the four grounds of Andrews' defamation claim that the court raised *sua sponte*. Accordingly, the court now grants summary judgment dismissing Andrews' action against Schneider in its entirety by judgment filed today.

**SO ORDERED**.

December 11, 2014.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

subject to prevailing law. But such a claim, rather than the relief that Andrews now seeks, would be his remedy.